# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| ABEL LUCEY, | Civil Action No. 5:17-CV-126 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| SWN PRODUCTION COMPANY, LLC., and CHESAPEAKE APPALACHIA, LLC., | JURY TRIAL DEMANDED |
| Defendants. | Files on behalf of Plaintiff, |

Counsel of Record for this Party:

David C. Hook, Esquire
WV. I.D. No. 10490
Hook & Hook
P.O. Box 792
189 West High Street
Waynesburg, PA  15370
Phone: 724-627-6146 Ext.2
Email:  hookdc@gmail.com

Jury Trial Demanded

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ABEL LUCEY,                                          Civil Action No. 5:17-CV-126

        Plaintiff,

vs.

SWN PRODUCTION COMPANY, LLC.,
and CHESAPEAKE APPALACHIA, LLC.,

        Defendants.

## AMENDED COMPLAINT

      And now comes the plaintiff, Abel L. Lucey, by his attorney, David C. Hook, Esquire, and files the following Amended Complaint.

**I.    BACKGROUND**

      1.    The Plaintiff is Abel L. Lucey ("Lucey"), who is a citizen of West Virginia and resides at R. D. 4, Box 66, Cameron, West Virginia 26033.

      2.    SWN Production Company, LLC ("SWN") is a limited liability company with its principal place of business at 1000 Energy Drive, Spring, Texas 77389.

      3.    Chesapeake Appalachia, L.L.C. ("CHK") is a limited liability company with its principal place of business at 6100 N. Western Avenue, Oklahoma City, Oklahoma 73118.

      4.    There is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00.

5. SWN has succeeded to the interests of Chesapeake Appalachia, L.L.C. ("Chesapeake") as they relate to Lucey.

6. On August 22, 2006, Lucey signed an "Oil, Gas and Coalbed Methane Lease" (the "Lease") with Great Lakes Energy Partners, L.L.C. ("Great Lakes").  Subsequently Great Lakes changed its name to Range Resources-Appalachia, LLC ("Range").  Range assigned its interest in the Lease to Chesapeake.  (See Exhibit 1 attached).

7. Said Lease had a primary term of five (5) years. (See Exhibit 1 attached).

8. Said Lease had an expiration date of August 21, 2011.

9. Said Lease, in paragraph 19, contained the following language: "Upon the expiration of this lease and within sixty (60) days thereafter, Lessor grants to Lessee an option to extend or renew under similar terms a like lease."

10. By a "Notice of Extension of Oil and Gas Lease" dated May 31, 2011, Chesapeake attempted to "extend" the lease.  (See Exhibit 2 attached)

11. Lucey rejected said extension and subsequently filed suit against Chesapeake in the United States District Court for the Northern District of West Virginia at Case No. 5:12-cv-00038.  Said case was consolidated at Docket No. 5:12-cv-0038 with the companion case filed at Docket No. 5:12-cv-0039.

12. Subsequently the Parties settled said litigation (the "Settlement") by entering into a "Settlement Agreement and Release" (attached hereto as Exhibit 3) and a "Ratification of Oil & Gas Lease" (attached hereto as Exhibit 4.)

13. As a result of the Settlement "Chesapeake agreed to pay to Releasers (Lucey) an additional $500.00/acre for 189.14 acres totaling $94,570.00 ("Additional Consideration") if

there is not a commencement of two(2) wells within one(1) year of the date of the effective date of this agreement." (See paragraph 1 of Settlement Agreement and Release-Exhibit 3.)

14. The effective date of the agreement was October 29, 2012.

15. Two (2) wells were not commenced within one (1) year of October 29, 2012.

16. The Ratification of Oil and Gas Lease stipulated that the extension of the Lease through August 21, 2016 was valid.

17. Chesapeake has recorded a "Declaration and Notice of Pooled Unit- <u>Michael Dunn Southwest Unit</u>" and a "First Amended Declaration and Notice of Pooled Unit <u>Michael Dunn Southwest Unit</u>" (the "Unit Declarations"). (See Exhibit 5 and 6 attached).

18. In violation of the Lease terms, no notice of the Unit Declaration was provided to Lucey, thereby making the declaration void as to Lucey. (See paragraph 10 of the Lease.)

19. At the time of the filing of the Unit Declaration there were no wells producing oil, gas and/or methane gas in the unit.

20. At the termination date of the Lease on August 21, 2016, there were no wells producing oil, gas and/or methane gas in the unit.

21. Between October 29, 2012 and August 21, 2016 there were no operations by the Lessee in the search for oil, gas and/or coalbed methane gas or the drilling of an additional well subsequent to the plugging of a dry hole. (See paragraphs 2 and 7 of the Lease.)

22. The primary term has expired without the production of oil or gas, without operations by the Lessee in the search for oil, gas and/or coalbed methane gas or the drilling of an additional well subsequent to the plugging of a dry hole. (See paragraphs 2 and 7 of the Lease.) Accordingly, the Lease has terminated pursuant to its own terms.

23. Subsequent to the termination of the Lease as explained in paragraph 21, it is believed that SWN has begun sales of gas which sales includes gas from Lucey's property.

**COUNT I- BREACH OF CONTRACT**

24. Paragraphs 1 through 22 are incorporated by reference.

25. Two (2) wells were not commenced within one (1) year of October 29, 2012.

26. SWN has failed to pay Lucey $94,570.00 as required by paragraph 1 of the Settlement Agreement and Release.

27. CHK has failed to pay the Luceys $94,570.00 as required by paragraph 1 of the Settlement Agreement and Release.

WHEREFORE, judgement for breach of contract in excess of $94,570.00 together with interest, fees and costs are demanded.

**COUNT II- DECLARATORY JUDGMENT**

28. Paragraphs 1 through 25 are incorporated by reference.

29. The Lease has terminated by its own terms on August 21, 2016.

30. Lucey informed SWN of the lease termination by letter dated August 23, 2016. (See Exhibit 7 attached).

31. SWN continues to assert the lease is valid.

32. SWN's claim of a valid lease is a cloud on Lucey's title to the oil and gas described in said Lease.

Wherefore, it is prayed that this Honorable Court enter an order declaring that the August 22, 2006 Lease has terminated and directing that the relevant records filed in Clerk of the County Commission of Marshall County, West Virginia be marked to so indicate the termination.

**COUNT III- TRESPASS**

33. Paragraphs 1 through 30 are incorporated herein by reference.

34. SWN is selling gas that belongs to Lucey.

35. SWN has no right or basis for selling Lucey's gas.

36. SWN has directly invaded the oil and gas strata of the Luceys' property and is extracting gas from it.

37. SWN has violated the exclusive possession by Lucey of the oil and gas strata belonging to Lucey.

38. SWN's conduct is intentional, wanton and with complete disregard of Lucey's property rights.

WHEREFORE, judgment for trespass in an amount to be determined at trial is demanded together with interest, fees, costs, and punitive damages.

**IV.     COUNT IV- PRIVATE NUISANCE**

39. Paragraphs 1-36 are incorporated herein by reference.

40. SWN's conduct is intentional and unreasonable.

41. SWN's conduct is reckless and with complete disregard of Lucey's property rights.

42. SWN's conduct is negligent and reckless.

WHEREFORE, damages for a private nuisance in an amount to be determined at trial is demanded together with interest, fees, costs and punitive damages.

Respectfully submitted,

Date: September 29, 2017

/s/David C. Hook, Esquire
David C. Hook, Esquire
W.V. I.D. No. 10490
Hook & Hook
P.O. Box 792
189 West High Street
Waynesburg, PA 15370
Phone: 724-627-6146
hookdc@gmail.com